DENNIS JACOBS, Circuit Judge,
dissenting:
I agree with the majority’s analysis on all issues other than the Fourth Amendment holding, which is of course the heart of the matter. As to the holding that exigent circumstances allowed the survey of a bedroom in which the police spotted things in plain view, I would remand for the district court to consider it in the first instance. The government, which bears the burden of proof, did not assert exigent circumstances in the district court, or here; and Delva’s counsel has not had a chance to say a word about it. Because I would remand rather than affirm, I respectfully dissent.
*161 The Fourth Amendment prohibits war-rantless searches unless an exception applies. The exception for items in plain view is subject to a proviso: “law enforcement officers may seize evidence in plain view, provided that they have not violated the Fourth Amendment in arriving at the spot from which the observation of the evidence is made.” Kentucky v. King, 563 U.S. 452, 462-63, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011). The cellphone and the letters that Delva sought to suppress came into plain view when the police reentered a bedroom that had already been subject to a protective sweep. The question (not an easy one) is whether the officers violated the Fourth Amendment in arriving at the spot (the bedroom) from which they saw evidence in plain view.
The district court held that the officers were lawfully in the bedroom as part of a protective sweep. The majority opinion demonstrates why the protective sweep exception is inapplicable, and there is no reason for me to recapitulate it.
The majority opinion nevertheless affirms on the ground of a different Fourth Amendment exception: exigent circumstances. In a nutshell, the majority opinion treats as exigency the need to find a private space to interview a suspect in a small and crowded apartment with no front door. The evidence was spotted when the police took Accilien into the only separate bedroom in the place.
The exigent circumstances exception is a limited one. Welsh v. Wisconsin, 466 U.S. 740, 749, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). The Supreme Court has recognized exigent circumstances where, for instance, police “need to provide urgent aid,” or where they are “in hot pursuit of a fleeing suspect,” or where they “fear the imminent destruction of evidence.” Birchfield v. North Dakota, — U.S. -, 136 S.Ct. 2160, 2173, 195 L.Ed.2d 560 (2016). And importantly, “ ‘the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests.’ ” Harris v. O’Hare, 770 F.3d 224, 234 (2d Cir. 2014), as amended (Nov. 24, 2014) (quoting Welsh, 466 U.S. at 749-50, 104 S.Ct. 2091).
The government did not argue exigent circumstances in the district court; the district court did not rule on exigent circumstances; and the government did not argue exigent circumstances on this appeal. It follows that Delva’s counsel has not had an opportunity to argue the point, which has become crucial. It is not as though there would have been nothing for Delva’s counsel to say: no published circuit opinion has found exigent circumstances in a case analogous to this one; and even if the bedroom was the only space for a private interrogation inside the apartment, an alternative venue may have been the street or a patrol car.
The government has a “heavy burden” to establish exigent circumstances, Harris, 770 F.3d at 234; the question is “heavily fact dependent,” United States v. Andino, 768 F.3d 94, 98 (2d Cir. 2014); and we lack the benefit of a ruling by the district court or of briefing by the parties.
Rather than affirm, I would remand this case to the district court for briefing and for a finding as to whether the exigent circumstances exception (or some other Fourth Amendment exception) applies.